**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES C. PLATTS,**

    **Petitioner,**

  **v.**          **CIVIL ACTION NO. 5:13CV61**
                 **(Judge Stamp)**

**TERRY O'BRIEN,**

    **Respondent,**

**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On May 3, 2013, the *pro se* petitioner filed an application for Habeas Corpus pursuant to 28 U.S.C. §2241. On May 28, 2013, he filed his petition on the court-approved form. On June 17, 2013, he paid the required $5.00 filing fee. This matter is pending for an initial review and Report and Recommendation pursuant to LP PL P 2.

**II. FACTS**

On January 16, 2007, in the Western District of Pennsylvania, the petitioner was charged in a 5 count indictment with Tax Evasion in violation of 26 U.S.C. §7201. On March 20, 2008, following a jury trial, the petitioner was found guilty on all five counts. On June 17, 2008, the petitioner was sentenced to a term of imprisonment of 30 months on each count, with each term to run concurrently. On June 27, 2008 the petitioner filed a Notice of Appeal. The judgment of the district court was affirmed by the Third Circuit Court of Appeals on June 5, 2009. On September 3, 2009, the petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255. The petitioner's §2255 motion was denied on January 8, 2010. On February 3, 3012, the petitioner filed a motion for a

Certificate of Appealability challenging the denial of his §2255. The Certificate of Appealablility was denied on February 4, 2010. On February 15, 2013, the petitioner filed a motion for a second or successive habeas petition, which was denied on March 14, 2013. On June 14, 2013, the petitioner filed a Motion for Rule 60, Relief from Judgment, which appears to be still pending.[1]

### III. CLAIMS OF THE PENDING PETITION

In support of his §2241 petitioner before this Court, the petitioner states the following grounds for relief:

1. The prosecution was barred from bringing suit against him by a statute of limitations.

2. The prosecution misrepresented to the courts and denied access to any of the petitioner's files and records.

3. IRS agents misrepresented, committed perjury, and committed fraud.

4. The jury instructions were flawed.

### IV. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that

---

[1] The information contained under "Facts" was obtained from the petitioner's criminal docket sheet. See 2:07-cr-00021-DWA-! Available on PACER.

> such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his conviction. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In this case, even if the petitioner satisfied the first and third elements of Jones, violation of 26 U.S.C. § 7201, Tax Evasion, remains a criminal offense, and therefore, the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## V. **RECOMMENDATION**

Based on the foregoing reasons, the undersigned recommends that the petitioner's §2241

motion be **DENIED AND DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of the Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation, 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S., 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of the Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: July 9, 2013

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE