IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES C. PLATTS,

          Petitioner,

v.                                    Civil Action No. 5:13CV61
                                                       (STAMP)
TERRY O'BRIEN, Warden,
United States Penitentiary,
Hazelton,

          Respondent.


                **MEMORANDUM OPINION AND ORDER
                 AFFIRMING AND ADOPTING REPORT AND
                RECOMMENDATION OF MAGISTRATE JUDGE**

                          I.   Background

     On May 3, 2013, James Platts ("Platts") filed a pro se[1]
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.
The petitioner challenges the validity of a sentence imposed upon
him in the United States District Court for the Western District of
Pennsylvania, which followed a jury trial in which the petitioner
was found guilty of five counts of tax evasion pursuant to 26
U.S.C. § 7201.  The petitioner was sentenced to 30 months on each
count, with each count to run concurrently.

     Following his sentencing, the petitioner appealed to the
United States Court of Appeals for the Third Circuit.  The Third
Circuit affirmed the district court.  He then filed a motion under

---

     [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1341 (9th ed. 2009).

28 U.S.C. § 2255, which was denied on January 8, 2010. A subsequent motion for a certificate of appealability was also denied. On February 15, 2013, Platts filed a motion for a second or successive habeas petition, which was denied March 14, 2013. The petitioner then filed a motion for Rule 60 relief from judgment, which appears to be still pending. See Platts v. Buchanan, et. al., No. 2:13CV42 (N.D. W. Va. 2013).

The petitioner then filed the instant § 2241 petition, raising four grounds for relief. The petitioner contends that: (1) the statute of limitations had passed before the indictment against him was entered; (2) the prosecution denied the petitioner access to his files and records, and also misrepresented to the courts in this regard; (3) the Internal Revenue Service ("IRS") agents misrepresented, committed perjury, and committed fraud; and (4) the jury instructions given at his trial were flawed.

This petition was referred to United States Magistrate Judge David J. Joel for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Joel entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought. Further, the magistrate judge reported that even if the § 2241 relief was available through the savings clause of 18 U.S.C.

§ 2255, the petitioner cannot satisfy the Jones test and, therefore, is not entitled to the savings clause. In re Jones, 226 F.3d 328 (4th Cir. 2000).

The petitioner timely filed objections reiterating his previous contentions but also asserting, for the first time, that he is entitled to the "savings clause" under § 2255. 28 U.S.C. § 2255(e). His objections focused primarily upon his position that he is asserting actual innocence through his statute of limitations and other due process arguments. Following the filing of his objections, the petitioner also filed a motion for an evidentiary hearing and a motion for the appointment of legal counsel.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice. Further, the petitioner's motions as to an evidentiary hearing and appointment of legal counsel are denied as moot based on the denial of this petition.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the Magistrate Judge's recommendation will be reviewed de novo.

III. <u>Discussion</u>

The magistrate judge found that § 2241 is an improper vehicle for the petitioner's claims because the petitioner attacks the validity of his sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255. The "savings clause" in § 2255 permits certain claims to be brought under § 2241, however, the magistrate judge reported that the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy. Although the petitioner did not assert a claim under the savings clause in his petition, the magistrate judge found that if he had, the petitioner cannot rely upon it.

Having reviewed the magistrate judge's report and recommendation <u>de novo</u>, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise

4

the issue on direct appeal.  In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d 328.

In this case, the petitioner has failed to establish the elements required by Jones.  The petitioner attempted to satisfy the Jones test by arguing that he is actually innocent because of the wrongdoing of certain governmental authorities.  As the magistrate judge observed, however, 28 U.S.C. § 7201, tax evasion, remains a criminal offense.  Thus, the petitioner cannot meet the third element of Jones.  Further, this Court reiterates that the petitioner did not raise the savings clause issue in his petition and did not bring the case within its bounds with the objections filed by the petitioner.

## IV.  Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety.  Accordingly, the

petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. Further, the petitioner's motions for an evidentiary hearing and for appointment of counsel are DENIED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 6, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE