IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES C. PLATTS,

        Petitioner,

v.                                      Civil Action No. 5:13CV61
                                                          (STAMP)
TERRY O'BRIEN, Warden,
United States Penitentiary,
Hazelton,

        Respondent.


                   **MEMORANDUM OPINION AND ORDER**
          **DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

                         I.  Background

    On May 3, 2013, James Platts ("Platts") filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenged the validity of a sentence imposed upon him in the United States District Court for the Western District of Pennsylvania, which followed a jury trial in which the petitioner was found guilty of five counts of tax evasion pursuant to 26 U.S.C. § 7201.  The petitioner was sentenced to 30 months on each count, with each count to run concurrently.

    Following his sentencing, the petitioner appealed to the United States Court of Appeals for the Third Circuit.  The Third Circuit affirmed the district court.  He then filed a motion under 28 U.S.C. § 2255, which was denied on January 8, 2010.  A

───────────────────

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

subsequent motion for a certificate of appealability was also denied. On February 15, 2013, Platts filed a motion for a second or successive habeas petition, which was denied March 14, 2013. The petitioner then filed a motion for Rule 60 relief from judgment, which appears to be still pending. See Platts v. Buchanan, et. al., No. 2:13CV42 (N.D. W. Va. 2013).

The petitioner then filed the instant § 2241 petition, raising four grounds for relief. The petitioner contends that: (1) the statute of limitations had passed before the indictment against him was entered; (2) the prosecution denied the petitioner access to his files and records, and also misrepresented to the courts in this regard; (3) the Internal Revenue Service ("IRS") agents misrepresented, committed perjury, and committed fraud; and (4) the jury instructions given at his trial were flawed.

This petition was referred to United States Magistrate Judge David J. Joel for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Joel entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought. Further, the magistrate judge reported that even if the § 2241 relief was available through the savings clause of 18 U.S.C. § 2255, the petitioner cannot satisfy the Jones test and,

therefore, is not entitled to the savings clause.  In re Jones, 226 F.3d 328 (4th Cir. 2000).

The petitioner timely filed objections reiterating his previous contentions but also asserting, for the first time, that he is entitled to the "savings clause" under § 2255.  28 U.S.C. § 2255(e).  His objections focused primarily upon his position that he is asserting actual innocence through his statute of limitations and other due process arguments.

Thereafter, this Court entered an order affirming and adopting the report and recommendation of the magistrate judge in its entirety, denying the plaintiff's petition, and dismissing with prejudice.  This Court found that the petitioner had improperly challenged his sentence pursuant to § 2241 and had failed to demonstrate that § 2255 afforded an inadequate or ineffective remedy pursuant to the Jones test because tax evasion, 28 U.S.C. § 7201, remains a criminal offense.

The petitioner then appealed this Court's decision to the United States Court of Appeals for the Fourth Circuit.  The petitioner then filed a motion to remand with the Fourth Circuit requesting that he be allowed to file the current motion with this Court before pursuing his appeal.  The Fourth Circuit then entered an opinion which affirmed this Court, finding that it could find no reversible error.  Later, the Fourth Circuit entered a notice advising the parties that the petitioner's motion to remand was

considered moot given the court's affirmation of this Court's decision. Following the ruling by the Fourth Circuit, the petitioner filed a motion for reconsideration with this Court pursuant to Federal Rule of Civil Procedure 60(b)(1).

For the reasons set forth below, this Court finds that the petitioner's motion for reconsideration should be denied.

## II. Discussion

The petitioner seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), and (6) which state:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1).

The petitioner argues in his motion for reconsideration that this Court incorrectly applied the Jones test to his petition and this Court mistakenly did not consider the petitioner's arguments regarding actual innocence. The Court finds again that nothing has changed in the law since its order and that for the reasons addressed in that order, the petitioner's claim fails under Jones because 28 U.S.C. § 7201, tax evasion, remains a criminal offense.

Thus, the petitioner cannot meet the second element of Jones.[2] Further, as this Court noted in its order, the petitioner failed to raise the savings clause issue in his petition and did not bring the case within its bounds with the objections filed by the petitioner.

Additionally, even if the petitioner had brought the case within the bounds of the savings clause, his claims as to actual innocence[3] would have been considered under 18 U.S.C. § 2255(h) as a second or successive § 2255 petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a gatekeeping mechanism. Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive

---

[2] Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d 328.

[3] These claims are listed in this order at page 2.

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); United States v. Betancourt, 3:01-CR-25-5, 2013 WL 5966436 (N.D. W. Va. Nov. 8, 2013). Thus, his claims would have been dismissed regardless given that the petitioner has not sought relief from the appropriate court of appeals for an order authorizing this Court to consider the application.

Accordingly, this Court finds that it did not incorrectly decide that the petition should be dismissed because the petitioner did not fulfill the Jones test, which was applied correctly, and further did not bring this action within the bounds of the savings clause. Further, as found above, even if he had, the result would have been the same as he has not sought the proper relief for a second or successive § 2255 petition. Based on these findings, the petition is disclosed from relief pursuant to Rule 60(b)(1).

Finally, as to the petitioner's reference to Rule 60(b)(2) this Court notes that any additional evidence the petitioner has raised was considered previously by this Court in denying his petition. Thus, it is not newly discovered evidence that would warrant this Court to reconsider its decision under Rule 60. As to the "catch-all" Rule 60(b)(6), this Court finds no other reason raised by the petitioner that would justify the relief sought.

## III. Conclusion

Based on the analysis above, the petitioner's motion for reconsideration is DENIED.  As such, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:    April 17, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE